UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

CYNTHIA Y. PALMER,

                Plaintiff,

    -against-

ALEX SHCHEGOL, GLORIA LONGAKIT, LESIA
WILLIS, ASA COLLEGE,

                Defendants.

-------------------------------------------------------------------x

**MEMORANDUM OF**
**DECISION AND ORDER**

14-CV-04406 (LDH) (MDG)

LaSHANN DeARCY HALL, United States District Judge:

       Pro se Plaintiff Cynthia Palmer asserts claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e - 2000e-17, and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621 - 634, against her former employer, ASA College ("ASA"), and individual defendants Alex Shchegol, Gloria Longakit, and Lesia Willis (collectively, "Defendants"). Defendants move to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

## BACKGROUND[1]

       Plaintiff, a former employee of ASA, is a fifty-year-old United Kingdom native who describes herself as a "dark-skinned" black woman. (Compl. 3, ECF No. 1.) Plaintiff holds a

---

[1] Because Plaintiff's pro se status mandates a liberal reading of her papers, the facts of this case and the sufficiency of Plaintiff's pleadings are determined by reference to both Plaintiff's amended complaint and her opposition to the instant motion. *See, e.g.*, *Nielsen v. Rabin*, 746 F.3d 58, 61 (2d Cir. 2014) (denial of leave to amend reversed where pro se plaintiff's complaint would state a claim for relief if it were amended to include the allegations in her opposition to defendant's motion to dismiss); *Gill v. Mooney*, 824 F.2d 192, 195 (2d Cir. 1987) (considering facts in pro se plaintiff's opposition to defendants' motion to dismiss in deciding whether to affirm district court's dismissal of plaintiff's claims); *Mil'chamot v. New York City Hous. Auth.*, No. 15-cv-108, 2016 WL 659108, at *1 n. 1 (S.D.N.Y. Feb. 16, 2016) ("because a pro se plaintiff's allegations must be construed liberally, it is appropriate to consider factual allegations made in a pro se plaintiff's opposition papers on a motion to dismiss, so long as the allegations are consistent with the complaint"); *Frederick v. United Bhd. of Carpenters & Joiners of Am. (UBCJA)*

1

Master's Degree in library science, is certified as a Library Media Specialist, has nine years of managerial experience, and completed twenty-four credits towards a doctorate degree from St. John Fisher College. (*Id*. at 4-5.) On August 8, 2011,[2] when she was forty-five, Plaintiff was promoted to the position of department chairperson. (*Id*. at 3-4; Defs.' Mem. 1, ECF No. 20.) Throughout Plaintiff's tenure as a department chairperson, ASA had at least four other chairpersons and one department coordinator (collectively, the "Comparators"). (Pl.'s Opp'n ¶ 13, ECF No. 21.) Each of these Comparators held similar rank and responsibilities as Plaintiff. (*Id.*; Compl. 4.) Three of the Comparators were white women, two were black men, and all were younger than Plaintiff. (Opp'n ¶¶ 13, 17.) All of the Comparators were paid more than Plaintiff, received full-time administrative assistance, and were assigned offices at ASA's Manhattan campus – resources denied to Plaintiff. (*Id.* at ¶¶ 13, 17, 19.)

ASA terminated Plaintiff on May 20, 2013. (*See* Compl. 3; Defs.' Mem. 1.) Thereafter, on October 25, 2013, Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC"). (Compl. 4.) She instituted the instant action on July 17, 2014, asserting claims for disparate treatment, discriminatory pay, and wrongful termination. (*Id.*)

## STANDARD OF REVIEW

To survive a motion to dismiss, a plaintiff need only plead facts sufficient to render her claims facially plausible. *Littlejohn v. City of New York*, 795 F.3d 297, 310-311 (2d Cir. 2015). While facial plausibility requires more than a "sheer possibility" of a defendant's liability, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), "[i]t is not the Court's function to weigh the

---

*Local 926*, No. 12-cv-2387, 2014 WL 5783045, at *1 (E.D.N.Y. Nov. 6, 2014) (deciding dismissal of pro se plaintiff's complaint by referring to the facts alleged in plaintiff's complaint and opposition).
[2] The Plaintiff's form complaint states that the alleged discriminatory acts occurred between August 8, 2011 and May 20, 2013. (Compl. 3.) The Court reads these dates as identifying the dates of Plaintiff's assumption of the role of chairperson and ultimate termination from ASA, respectively.

2

evidence that might be presented at trial" on a motion to dismiss. *Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 565 (E.D.N.Y. 1999)). The issue before the court on a motion to dismiss is not whether a claim is likely to prevail. *Id.* Rather, the court must only decide whether a plaintiff should have the opportunity to offer evidence in support of her claims. *Id.* (citing *Villager Pond Inc. v. Town of Darien*, 56 F.3d 375, 378 (2d Cir. 1995), *cert. denied*, 519 U.S. 808 (U.S. 1996)). In making this determination, the Court must accept all factual allegations in the complaint as true. *Id.*

Moreover, where, as here, a plaintiff is proceeding pro se, her pleadings "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)). A pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Boykin v. KeyCorp*, 521 F.3d 202, 213-14 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (U.S. 2007) (per curiam)). This rule is "particularly so when the pro se plaintiff alleges that her civil rights have been violated." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) (citing *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004)). Accordingly, the dismissal of a pro se claim as insufficiently pleaded is appropriate only in the most unsustainable of cases. *Id.*

## DISCUSSION

Discrimination claims under Title VII and the ADEA are governed by the three-stage burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Brenner v. City of New York Dep't of Educ.*, 132 F. Supp. 3d 407, 416 (E.D.N.Y. 2015)

(citing *Gorzynski v. Jetblue Airways Corp.*, 596 F.3d 93 (2d Cir. 2010)). Under *McDonnell*, a prima facie discrimination claim consists of four elements: (1) a plaintiff's membership in a protected class; (2) the plaintiff's qualification for a particular position of employment; (3) an adverse employment action by the defendant employer; and (4) some minimal evidence suggesting an inference that the employer acted with discriminatory motivation. *Littlejohn*, 795 F.3d at 307. However, a discrimination complaint need not allege facts establishing each element of a prima facie case of discrimination to survive a motion to dismiss. *Alleyne v. NAACP Legal Defense and Educ. Fund, Inc.*, No. 14-cv-6675, 2015 WL 6869731, at *2-5 (E.D.N.Y. Nov. 6, 2015) (collecting cases). Instead, a plaintiff need only plead facts to give plausible support to her claim. *Id*. At the pleading stage, a plaintiff alleging employment discrimination under Title VII must allege that the employer took adverse action against her at least in part for a discriminatory reason. *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87 (2d Cir. 2015) (citing *Littlejohn*, 795 F.3d 297 at 311)). A plaintiff proceeding under the ADEA must allege that discrimination was the "but for" cause of the employer's adverse action. *Ingrassia v. Health & Hosp. Corp.*, No. 14-cv-1900, 2015 WL 5229444, at *6 (E.D.N.Y. Sept. 8, 2015). A plaintiff may prove discriminatory motive either directly, by alleging facts that show an intent to discriminate, or indirectly, by alleging circumstances that give rise to a plausible inference of discrimination. *Vega*, 801 F.3d at 87. Further, to proceed in federal court, plaintiffs alleging Title VII or ADEA violations must timely file a claim with the EEOC. *See* 42 U.S.C. §

4

2000e-5(f)(1); 29 U.S.C. § 626(d)(1); *Lugo-Young v. Courier Network, Inc.*, No. 10-cv-3197, 2012 WL 847381, at *4 (E.D.N.Y. Mar. 13, 2012).

Here, Defendants argue that Plaintiff's claims each fail because they are either untimely or do not allege adverse employment actions that occurred under circumstances giving rise to a plausible inference of discrimination. (Defs.' Mem. 5-6, n.2.)

I. Title VII and ADEA Claims against ASA College

    A. Timeliness

Defendants argue that Plaintiff's claims accruing prior to December 29, 2012 must be deemed untimely. (Defs.' Mem. 5, n. 2.) To be timely, a discrimination claim must be filed with the EEOC within 300 days after the alleged unlawful employment act accrued. 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. §§ 626(d)(1)(B), 633(b); *Lugo-Young*, 2012 WL 847381, at *4. Generally, a discrimination claim is deemed to have accrued on the date "when a prospective plaintiff 'knew or should have known of the adverse treatment upon which he or she will ultimately sue.'" *Lugo-Young*, 2012 WL 847381, at *4 (quoting *McMillian v. New York City Dep't of Corr.*, 152 F.3d 919 (2d Cir. 1998)). Absent the application of equitable tolling, claims filed with the EEOC outside of the 300-day accrual period are deemed untimely and may not proceed in federal court. *Id.* at *4 (granting pro se plaintiff leave to demonstrate that equitable tolling should apply to her otherwise untimely claims).

Plaintiff filed her EEOC complaint on October 25, 2013. (Compl. 4.) She does not allege that equitable tolling applies. As set forth in detail below, Plaintiff's claims based on the disparate allocation of resources are time-barred. Claims premised upon Plaintiff's alleged discriminatory pay and wrongful termination are timely.

i. Disparate Allocation of Resources

Claims premised upon the disparate allocation of resources accrue on the date an employee assumed the position under which the resources were denied. *See DeJesus v. Starr Tech. Risks Agency, Inc.*, No. 03-cv-1298, 2004 WL 2181403, at *5–7 (S.D.N.Y. Sept. 27, 2004) (plaintiff's claim that defendants denied him the customary benefits of his position was premised on discrete acts that should have triggered plaintiff to file an EEOC claim soon after his promotion). Here, Plaintiff was promoted to the position of department chairperson on August 8, 2011, and therefore had until June 2012, to file an EEOC claim. As such, Plaintiff's October 25, 2013 filing was untimely as to any claims premised on the disparate allocation of chairperson resources.

ii. Discriminatory Pay and Wrongful Termination

Claims based on payments made pursuant to an alleged discriminatory pay structure accrue on the date each payment is issued. *Yu v. New York State Unified Court Sys. Office of Court Admin.*, No. 11-cv-3226, 2013 WL 3490780, at *3 (S.D.N.Y. July 12, 2013) (citing 42 U.S.C. § 2000e–5(e)(3)(A)). Hence, each paycheck Plaintiff received in the 300 days prior to her October 25, 2013 EEOC filing (or dating back to December 29, 2012) was separately actionable and claims arising therefrom were timely filed. *See Russell v. County of Nassau*, 696 F. Supp. 2d 213, 227-228 (E.D.N.Y. 2010) (discriminatory pay claims deemed timely as to each paycheck issued to plaintiff in the 300 days preceding plaintiff's EEOC filing). However, to the extent any claim is premised upon a paycheck received prior to December 29, 2012, it is untimely.

Wrongful termination claims accrue upon notice of termination – here, May 20, 2013. *See Lugo-Young*, 2012 WL 847381, at *5 (plaintiff's EEOC filing regarding wrongful

6

termination was due 300 days after she received notice of termination). As such, Plaintiff's deadline to file an EEOC complaint based on her wrongful termination was March 2014, rendering the October 25, 2013 EEOC filing timely.

> B. Adverse Employment Action Occurring under Circumstances Giving Rise to an Inference of Discrimination

Defendants maintain that, even if the Court finds that Plaintiff's discriminatory pay and wrongful termination claims are timely, dismissal is appropriate because these claims are not premised on adverse employment actions giving rise to a plausible inference of discrimination. (Defs.' Mem. 5-7.) The Court disagrees.

"A plaintiff sustains an adverse employment action if he or she endures a materially adverse change in the terms and conditions of employment." *Vega*, 801 F.3d at 85 (quoting *Galabya v. N.Y.C. Bd. of Educ.*, 202 F.3d 636, 640 (2d Cir. 2000)). Certainly, a mere inconvenience or alteration of a job responsibility cannot be deemed an adverse employment action. *Quadir v. New York State Dep't of Labor*, 39 F. Supp. 3d 528, 541 (S.D.N.Y. 2014) (quoting *Sanders v. New York City Human Res. Admin.*, 361 F.3d 749, 755 (2d Cir.2004) (issuance of counseling memo that did not result in any disciplinary sanction was not an adverse employment action)). However, Plaintiff's allegations are not that trivial. This Circuit has long recognized that disparate pay and termination are adverse employment actions. *See Belfi v. Prendergast*, 191 F.3d 129, 139-40 (2d Cir. 1999) (disparate pay is an adverse employment action); *Vega*, 801 F.3d at 85 (termination of employment is a materially adverse change).

Next, a plaintiff raises a prima facie inference of discrimination when she shows her employer treated her less favorably than similarly situated employees outside of her protected class. *Littlejohn*, 795 F.3d at 312 (citing *Leibowitz v. Cornell Univ.*, 584 F.3d 487, 502 (2d Cir. 2009)). When relying on evidence of such disparate treatment, a plaintiff must show she was

7

"similarly situated in all material respects to the individuals with whom she seeks to compare herself." *Mandell v. County of Suffolk & John Gallagher*, 316 F.3d 368, 379 (2d Cir. 2003) (quoting *Graham v. Long Island R.R.*, 230 F.3d 34, 39 (2d Cir. 2000)). Significantly, at the pleading stage, a pro se plaintiff must only make a "minimal showing of comparability." *Horsham v. Fresh Direct*, 136 F. Supp. 3d 253, 266 (E.D.N.Y. 2015).

Here, Plaintiff identifies five Comparators younger than herself and outside of her other protected classes: three white women, and two black men.[3] Plaintiff alleges that four of these Comparators were chairpersons, like herself, and one was a department coordinator, but states that all held responsibilities equivalent to her own and were similarly ranked. (Opp'n ¶¶ 10, 13; Compl 4.) Plaintiff further maintains that each Comparator was treated more favorably than she was. (Opp'n ¶¶ 14-19.) Specifically, she alleges she was paid less than each Comparator and was terminated despite being "more academically qualified" than at least one other comparator who was not fired. (*Id.* ¶¶ 14-15.) The allegations underlying Plaintiff's time-barred disparate treatment claim – that Plaintiff was denied the administrative resources and office space the other comparators received – lend further support to plaintiff's timely discrimination claims. *See Kalola v. Int'l Bus. Machines Corp.*, No. 13-cv-7339, 2015 WL 861718, at *7 (S.D.N.Y. Feb. 3, 2015) ("time-barred acts may be offered as evidence of discriminatory intent to support timely claims"); *see also LaGrassa v. Autoone Ins. Co.*, No. 07-cv-1072, 2008 WL 3887606, at *7

---

[3] Defendants argue that Plaintiff does not identify comparators outside of her protected class. (Defs.' Reply 3, ECF No. 22.) The Court assumes that this argument is based on the fact that Plaintiff's Comparators each fall into one of her protected classes. Defendants construe protected classes too narrowly. "[W]here two bases of discrimination exist, the two grounds cannot be neatly reduced to distinct components." *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 110 (2d Cir. 2010) (discrimination claims do not fail "merely on the fact that certain members of a protected class are not subject to discrimination, while another subset is discriminated against based on a protected characteristic shared by both subsets"); *see also Chinnery v. New York State Office of Children & Family Servs.*, No. 10-cv-882, 2012 WL 5431004, at *5 (S.D.N.Y. Nov. 5, 2012) ("this Court will not dismiss Plaintiff's claim that he was discriminated against as an African-American man merely because his employer may not have discriminated against African-American women or against men who are not African-American").

(E.D.N.Y. Aug. 20, 2008) (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002) (plaintiff may not recover for discrete acts of discrimination occurring prior to the statutory time period, but may use the same as evidence to support a timely claim)). Together, these allegations raise an inference of discrimination on the basis of gender, race, and age sufficient to withstand a motion to dismiss. *See Chepak v. Metro. Hosp.*, 555 F. App'x 74, 76 (2d Cir. 2014) (allegations that plaintiff was paid less than males doing the same job plausibly stated a gender discrimination claim, "especially in light of her pro se status"); *Gonzalez v. Carestream Health, Inc.*, 520 F. App'x 8, 10 (2d Cir. 2013) (sixty-year-old plaintiff's allegation that he was terminated for pretextual reasons while younger coworkers were maintained was sufficient to state a claim of age discrimination under ADEA); *Boykin*, 521 F.3d at 214–15 (discrimination claim sufficiently pleaded where plaintiff alleged that other similarly situated loan applicants who were not in her protected classes received loans and were treated more favorably than plaintiff); *Frederick v. United Bhd. of Carpenters & Joiners of Am. (UBCJA) Local 926*, No. 12-cv-2387, 2014 WL 5783045, at *4 (E.D.N.Y. Nov. 6, 2014) (plaintiff's disparate pay claim survived dismissal where she alleged that her entry-level pay was lower than that paid to an entry-level employee who performed the same work, but was outside of plaintiff's protected class); *Johnson v. Long Island Univ.*, No. 13-CV-2464, 2014 WL 4926324, at *9 (E.D.N.Y. Sept. 30, 2014) ("Although the Complaint is sparse on specifics with respect to how his colleagues are similarly situated to him, the Court finds that Plaintiff has stated a plausible inference of discrimination based on disparate treatment with respect to the claims that [the defendant] treated him differently by denying him the opportunity to earn additional compensation and by assigning him significantly more work than his fellow hall directors, but just barely.").

However, Plaintiff's amended complaint and opposition are devoid of any facts to suggest she was discriminated against due to her national origin or skin tone. Plaintiff therefore fails to state a claim for discrimination on these grounds.

    C. Other Arguments for Dismissal

Defendants remaining arguments are premature on a motion to dismiss. Specifically, Defendants claim that Plaintiff cannot demonstrate the requisite inference of discrimination because she: (1) was hired and promoted with Defendants' full knowledge of her protected statuses, also known as the "same-actor inference," and (2) cannot rebut the legitimate, non-discriminatory reason Defendants proffer for her termination.

The "same actor" inference is typically applied at summary judgment. *King v. U.S. Sec. Assocs., Inc.*, No. 11-cv-4457, 2012 WL 4122025, at *7 (S.D.N.Y. Aug. 22, 2012), *report and recommendation adopted*, No. 11-cv-4457, 2012 WL 4327396, at *1 (S.D.N.Y. Sept. 18, 2012). Even then, its application is not mandatory. *Copeland v. Rosen*, 38 F. Supp. 2d 298, 305 (S.D.N.Y. 1999). Likewise, "[w]hether there existed non-pretextual, non-discriminatory explanations for the defendants' employment decisions—a question as to which the defendants bear the burden of production—is not properly decided on a motion to dismiss for failure to state a claim." *Brown v. Daikin Am., Inc.*, 756 F.3d 219, 230-231 (2d Cir. 2014); *see also Kimura v. Japanese Educ. Inst. of New York*, No. 96-cv-6063, 1997 WL 1048909, at *3 (E.D.N.Y. Nov. 4, 1997) ("a plaintiff's failure to show pretext or intentional discrimination is inconsequential to a 12(b)(6) motion").

II.    Title VII and ADEA Claims against the Individual Defendants

It is well-established that the ADEA and Title VII do not create individual liability. *See, e.g.*, *Guerra v. Jones*, 421 F. App'x 15, 17 (2d Cir. 2011) ("dismissal of the Title VII and ADEA claims against the individual Defendants was appropriate as neither statute subjects individuals,

even those with supervisory liability over the plaintiff, to personal liability"). Plaintiff's claims against Shchegol, Longakit, and Willis are therefore dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is granted in part and denied in part. Defendants' motion is granted as to Plaintiff's Title VII and ADEA disparate treatment claims against ASA College, which are hereby dismissed, with leave to amend. Defendants' motion is denied as to Plaintiff's Title VII and ADEA discriminatory pay and wrongful termination claims against ASA College premised on race, gender, and age discrimination. Defendants' motion is granted, however, as to Plaintiff's Title VII discriminatory pay and wrongful termination claims against ASA College premised on national origin and skin tone, which are hereby dismissed, with leave to amend. Defendants' motion is also granted as to Plaintiff's Title VII and ADEA claims against the individual defendants, which are hereby dismissed, with prejudice.

Plaintiff shall have thirty (30) days from the date of this Memorandum and Order in which to file an amended complaint that remedies the aforementioned defects in (1) Plaintiff's Title VII and ADEA claims against ASA College premised on disparate treatment and (2) Plaintiff's Title VII discriminatory pay and wrongful termination claims against ASA college premised on national origin and skin tone. If she fails to do so, these claims will be dismissed

with prejudice.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purposes of an appeal.

SO ORDERED:

 /s/ LDH
L<small>A</small>SHANN D<small>E</small>ARCY HALL
United States District Judge

Dated: Brooklyn, New York
     September 29, 2016